FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 25 2012 ★
BROOKLYN OFFICE

SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
ROBERT CASSAR,

                Plaintiff,

        -against-

FIRST CREDIT SERVICES, INC. d/b/a ACCOUNTS
RECEIVABLE TECHNOLOGIES and CONSTAR
FINANCIAL SERVICES, LLC.

                          Defendants.
-------------------------------------------------------X

Case No. CV 12-0355

COMPLAINT

MAUSKOPF, J.

J. ORENSTEIN, M.J.

        Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendants and in support thereof alleges the following:

## INTRODUCTION

        1.     This is an action for damages brought by an individual consumer for defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law ("NYGBL") §349 for an injunction against defendants' deceptive acts and practices.

## PARTIES

        2.     Plaintiff is a natural person residing in this District and is a consumer as defined by the FDCPA, §1692a(3).

3. Upon information and belief, first-named defendant First Credit Services, Inc. is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Defendant uses the instrumentality of the mail to collect consumer debts which are in default and are owed or due or alleged to be owed or due to others. Upon information and belief, defendant is a domestic business corporation incorporated in New York.

4. Upon information and belief, second-named defendant Constar Financial Services, LLC. is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Defendant uses the instrumentality of the mail to collect consumer debts which are in default and are owed or due or alleged to be owed or due to others. Upon information and belief, defendant is a foreign limited liability company incorporated in Arizona.

## JURISDICTION AND VENUE

5. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## STATEMENT OF FACTS

6. Plaintiff re-alleges paragraphs 1 to 5 as if fully re-stated herein.

7. That by letter dated August 26, 2010, defendant First Credit sent a collection letter to plaintiff in an attempt to collect a debt allegedly incurred by plaintiff to American Suzuki Financial Services for personal purposes.

8. That First Credit alleged that plaintiff's account was in default.

9. That, upon plaintiff's receipt of the said letter from First Credit, plaintiff conferred with his attorneys at Fagenson & Puglisi. Thereafter, Concetta Puglisi, Esq., of Fagenson & Puglisi sent a letter dated September 8, 2010 to First Credit, informing that plaintiff was disputing the consumer debt alleged to be owed by plaintiff and that Fagenson & Puglisi represents plaintiff. Plaintiff's attorneys also requested in the said letter that plaintiff not be contacted directly concerning the debt.

10. That, subsequently, defendant Constar Financial commenced collecting the same debt on behalf of American Suzuki.

11. That defendant Constar sent at least one collection letter directly to plaintiff at his home in an attempt to collect the debt. Said letter is dated February 23, 2011.

**ALLEGATIONS CONCERNING FIRST CREDIT SERVICES, INC.**

AS AND FOR A FIRST CAUSE OF ACTION

FDCPA §§1692e, 1692e(8) and 1692e(10)

12. That plaintiff re-alleges paragraphs 1 to 11 as if fully re-stated herein.

13. That First Credit failed to inform its principal, American Suzuki, that plaintiff disputed the debt, as First Credit was obligated to do pursuant to the FDCPA, §§1692e(8) and 1692e(10).

14. That First Credit failed to inform its principal, American Suzuki, that plaintiff was represented by counsel, as First Credit was obligated to do pursuant to the FDCPA, §§1692e and 1692e(10).

15. That as a result of First Credit's said failures, Constar Financial was unaware that plaintiff was represented by an attorney or that plaintiff disputed the debt before Constar sent the said February 23, 2011 letter to plaintiff.

16. That First Credit is therefore in violation of the FDCPA, including but not limited to §§1692e, 1692e(8) and 1692e(10).

### ALLEGATIONS CONCERNING CONSTAR FINANCIAL SERVICES, LLC.

### AS AND FOR A SECOND CAUSE OF ACTION

### FDCPA §§1692c(a)(2) and 1692e(10)

17. That plaintiff re-alleges paragraphs 1 to 16 as if fully re-stated herein.

18. That, as and for an alternative, First Credit did inform American Suzuki that plaintiff was represented by an attorney and that plaintiff disputed the debt.

19. That, on information and belief, upon assigning the debt to Constar Financial for collection, American Suzuki did inform Constar Financial that plaintiff was represented by an attorney and that plaintiff was disputing the debt.

20. That Constar Financial therefore knew that plaintiff was represented by an attorney and that plaintiff disputed the debt but, nevertheless, Constar Financial sent the February 23, 2011 collection letter directly to plaintiff at his home.

21. That Constar Financial's said letter constitutes improper direct contact with plaintiff with full knowledge that he is represented by counsel in the matter and is in violation of the FDCPA, including but not limited to §1692c(a)(2). Said letter also violates §1692e(10), as a false representation or deceptive means used in an attempt to collect a debt.

## ALLEGATIONS CONCERNING BOTH DEFENDANTS

## AS AND FOR A THIRD CAUSE OF ACTION

## NYGBL §349

22. That plaintiff re-alleges paragraphs 1 to 21 as if fully re-stated herein.

23. That plaintiff is a reasonable consumer within the meaning of the NYGBL.

24. That each of the deceptive and misleading acts and practices above-mentioned was committed in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

25. That defendants' deceptive and misleading acts and practices were consumer-oriented, in that defendants are collectors of consumer debts incurred principally or wholly by natural persons. On information and belief, defendants mail or cause to be mailed to natural persons within New York State each year thousands of letters similar to the ones referenced herein, despite knowledge that the consumer is represented by an attorney.

26. That defendants improperly contacted plaintiff directly or caused said direct contact with plaintiff with full knowledge that he was represented by counsel and that he was disputing the debt.

27. That plaintiff felt harassment, annoyance, irritation and anxiety upon receiving the letter from Constar even after his attorney had requested that he not be contacted directly concerning the debt.

28. That defendants are therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendants as follows:

(a) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(b) statutory damages pursuant to NYGBL §349(h) in an amount to be determined at the time of trial;

(c) enjoining defendants from further direct contact with plaintiff pursuant to NYGBL §349;

(d) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(e) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
January 23, 2012.

_____
NOVLETTE R. KIDD, ESQ.(NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com